KATHERINE WATSON v. THOMAS BIDDLE, TREAS.

1. TRAFFIC IN INTOXICATING LIQUORS IN SMALL QUANTITIES DOES NOT RELIEVE FROM TAX.

The purchase of a few pints of beer at a time and the sale of it at a profit constitutes trafficking in intoxicating liquors as defined by the statute, and renders the seller liable to payment of the tax prescribed by Sec. 4364-9 Rev. Stat., on trafficking in spirituous, vinous, malt or other intoxicating liquors.

2. SALES OF INTOXICATING LIQUORS IN CONNECTION WITH ILLEGAL BUSINESS DO NOT RELIEVE FROM TAX.

The fact that the sales are made in connection with an illegal business does not bar the state from enforcing collection of this tax.

Watson v. Biddle.

ERROR to Lucas common pleas court.

**A. H. Coldham,** for plaintiff in error.

**L. E. Mallow** and **R. R. Stuart,** for defendant in error:

Cited and commented upon the following authorities. *Adler v. Whitbeck,* 44 Ohio St. 539 [9 N. E. Rep. 672]; *University Club v. Ratterman,* 2 Circ. Dec. 11 (3 R. 18); *United States v. Keaton,* 2 Bond 97 [26 Fed. Cas. 763]; *Leonard v. Bowland,* 17 Dec. 558 (4 N. S. 577); *Stevenson v. Hunter,* 5 Dec. 27 (2 N. P. 300); *Youngblood v. Sexton,* 32 Mich. 406 [20 Am. Rep. 654]; *United States v. Vassar,* 72 U. S. (5 Wall.) 462 [18 L. Ed. 497]; *Jung Brewing Co. v. Talbot,* 59 Ohio St. 511 [53 N. E. Rep. 51]; *Harris v. State,* 50 Ala. 127; *United States v. Bonham,* 31 Fed. Rep. 808; *Blodgett v. State,* 37 Tex. Cr. App. 70 [38 S. W. Rep. 783]; *Becker v. State,* 50 S. W. Rep. 949 (Tex. Cr. App.); *Amos v. State,* 73 Ala. 498; *Taylor v. State,* 121 Ala. 24 [25 So. Rep. 689]; *State v. Wadsworth,* 30 Conn. 55; *Evans v. State,* 54 Ark. 227 [15 S. W. Rep. 360]; *Billups v. State,* 107 Ga. 766 [33 S. E. Rep. 659]; *State v. Morton,* 42 Mo. App. 64; *Shriedley v. State,* 23 Ohio St. 130; *Moots v. State,* 21 Ohio St. 653; *Pennsylvania Co. v. Trainer,* 5 Circ. Dec. 519 (12 R. 70); 11 Enc. Ev. 137; *Baldwin v. Pelton,* 19 Dec. 546.

**KINKADE, J.**

We have examined the briefs submitted by counsel, and we have read with a great deal of care the evidence in this case, the whole of it. It seems to us that the evidence here clearly shows that it was the habit at this house, which was presided over by Katherine Watson, to procure beer for people who came there, selling it to them, or, as she says, delivering it to them, and making forty cents a pint profit. We can see no difference between purchasing a few pints of beer and selling it to a party at an increased price of forty cents a pint, and purchasing a very much larger quantity of beer and selling it at any other profit. It seems to me on reviewing this evidence in detail, that the attempt here on the part of the keeper of this resort is a mere subterfuge, nothing short of it; it is a mere method by which the law is avoided, and if this could be countenanced, we see no reason why a saloon might not be in the immediate vicinity, for that matter, either upstairs or down stairs, in connection with this kind of a resort and might have a dummy waiter, and if the dummy refused to work a waiter that was not quite so dumb could be substituted, so the place

Lucas County.

could be carried on with the same result that has been carried on here, a profit to every sale.

It has not been urged here as it was in one case that we have examined, that the tax could not be insisted on here because the parties were engaged in an illegal business, and in violation of the statutes of Ohio, and that they could be punished in that way. But that is not the law. And it is well that it is not, because, as said in that case, if that were so then the parties who were violating the law might escape paying the tax while those who were not violating it would have to pay.

We have read the evidence of all the inspectors and considered the report, which is somewhat brief, most of it getting into the examination and going in without objection, but we think under the form that the examination took, the report, brief as it is, and for what it is worth, is competent evidence in the case. The evidence in the case as a whole shows that this constitutes a trafficking in intoxicating liquors as defined by the statute. Of course the tax being upon the duplicate makes a *prima facie* case under the statute, not only of the amount and its nonpayment, but of the validity of the tax. We have considered the record without special regard to that. We think the showing is ample here to make the finding that the petition should be dismissed and the injunction prayed for denied, and that will be the ruling of the court.

**Parker** and **Wildman, JJ.,** concur.